CAROLINE L. ROBINSON, as ADMINISTRATRIX OF SETH
　　B. ROBINSON, DECEASED, RESPONDENT, *v.* JAMES A.
　　STRIKER, APPELLANT.

*Assignment of an insurance policy as collateral security — the policy reverts on the
　　payment of the amount provided to be paid by a composition deed.*

In this action, brought to recover of the defendant the amount received by him
　upon a policy of insurance upon the life of plaintiff's intestate, it appeared that
　in May, 1883, the plaintiff's intestate, to secure the defendant against loss by
　reason of certain accommodation indorsements made for him by the defendant,
　assigned to the latter a policy of insurance upon his (the intestate's) life for
　$10,000. In September, 1885, the creditors of the intestate, including the
　defendant, executed a composition deed by which they agreed to receive in full
　satisfaction of their respective claims twenty-five cents on the dollar, and, upon
　receipt of notes representing such amounts, they delivered to the intestate
　general releases of their respective claims against him.

Subsequent to the compromise agreement, the defendant continued to hold in his
　possession the policy of insurance, and when the annual premium became due
　in March, 1886, he sent to the intestate for the receipt for the same, which the
　latter delivered to him. After the death of the plaintiff's intestate, the defendant
　collected the amount of the policy, to recover which this action was brought.

*Held,* that a claim made by the defendant that the compromise and release did not
　operate to extinguish his right to the policy, but only to release any claim he
　had against Robinson, was not maintainable.

That by the compromise and release the debt, as collateral to which the policy of
　insurance was delivered, was extinguished, and thereby the title to the collateral
　security reverted to its original owner.

That there was no sufficient evidence in the fact of the continued possession of the
　policy by the defendant, and the delivery of the premium receipts to him by
　the intestate, to show that there was an intention on the part of the intestate that
　this result should not follow from the extinguishment of the debt.

That if such was the intention of the parties, then it was a fraud upon the other
　creditors of Robinson, as the retention or exaction of any security by any of
　the creditors of Robinson for the payment of the pre-existing debt, would have
　been a fraud upon the other creditors signing the composition agreement.

That even if the facts in this case would justify the presumption of a promise or
　agreement, under which the policy was to be held to secure such released indebt-
　edness it would be doubtful whether such agreement could be enforced, because
　of a want of consideration therefor.

APPEAL from a judgment in favor of the plaintiff, entered upon
the verdict of a jury at the New York Circuit, rendered by direction
of the court.

*B. F. Dunning,* for the appellant.

*C. De Hart Brower,* for the respondent.

Van Brunt, P. J. :

The evidence in this case shows that Mr. Seth B. Robinson and the defendant were friends; and that for the accommodation of Robinson, and without any consideration whatever, the defendant from time to time indorsed Robinson's notes, which were afterwards negotiated by Robinson.

In May, 1883, to secure the defendant against loss by reason of such indorsements, Robinson assigned to him a policy of insurance for $10,000 that he was then carrying upon his life in the Equitable Life Insurance Company. This assignment, though absolute upon its face, was intended to be simply as security. Immediately after Robinson's assignment he delivered the policy to the defendant, and the latter retained possession of the same until he presented it for payment after Robinson's death. Robinson paid the premiums as they became due and turned the receipts over to the defendant.

In September, 1885, there were outstanding notes to the amount of $15,000, made by Robinson and indorsed for his accommodation by the defendant. None of these notes were then due, nor had any of them become due and payable prior to the 17th of September, 1885. On the seventh of September Robinson made a general assignment for the benefit of his creditors, and filed, pursuant to the act, schedules of assets and liabilities. The policy of insurance which Robinson had theretofore assigned to the defendant was not enumerated in the schedule of assets; and the defendant was named as a creditor by reason of his indorsements for $15,000.

On the 16th of September, 1885, the creditors of Robinson, including the defendant, executed a composition deed by which they agreed to receive, in full satisfaction of their respective claims, twenty-five cents on the dollar, payable in six, nine and twelve months, and upon receipt of notes payable at above dates, to deliver to Robinson general releases of their respective claims against him. Pursuant to the terms of the agreement Robinson delivered to the defendant three notes for $1,250 each, and the defendant delivered to Robinson a general release, discharging Robinson and his assignee from all claims against them. Robinson thereupon resumed busi-

ness and continued in the same store until his death in the following
June. These compromise notes, amounting to $3,750, were evi-
dently given upon the assumption that the defendant should pay
the $15,000 on notes indorsed by him, which he did. The $3,750,
the amount of the compromise, had not all become due at Robin-
son's death, but it was wholly paid either by Robinson or his estate.
Subsequent to the assignment compromise and release, the defendant
continued to hold in his possession the policy of insurance, and
when the annual premiums became due in March, 1886, he sent to
Robinson for the receipt for the same which the latter delivered.
After the death of Robinson the defendant collected the amount of
the policy, and the plaintiff, as the administratrix of Robinson,
seeks by this action to recover from the defendant the $10,000 paid
to him by the insurance company on the policy.

This claim is sought to be defeated upon the ground that the
compromise and release thereunder did not operate to extinguish
the defendant's right to, and claim upon the policy, but that they
only operated to release any claim he had against Robinson. In the
assertion of this claim it seems to us that the learned counsel for
the appellant has lost sight of the fact that this policy was delivered
as collateral security for any indebtedness that might arise from
Robinson to the defendant, because of the defendant's indorsement
of Robinson's notes. By the compromise agreement between
Robinson and his creditors, of whom the defendant assumed to be
one, Robinson was released by the defendant from all claims which
he might have by reason of the payment of any notes which he had
indorsed. No debt could therefore arise in favor of the defendant
against Robinson, by reason of the payment by the defendant of
Robinson's notes so indorsed. The debt as collateral to which the
policy of insurance was delivered, was extinguished and thereby the
title to the collateral security reverted to its original owner.

It is a principle of law too well settled to need the citation of
authority that the extinguishment of a debt deprives the holder of
a collateral security of any right, title or interest therein.

It is urged, however, that this rule does not apply because it was
the evident intention of the parties that that should not be the
result. If such was not the intention of the parties, then it was a
fraud upon the other creditors of Robinson, because the retention

or exaction of any security by any of the creditors of Robinson for the payment of the compromise notes, would have been a fraud upon the other creditors signing the composition agreement and therefore void ; as they had agreed to discharge Robinson upon the receipt of his unsecured notes. It is not to be presumed that Robinson and the defendant were engaged in a scheme to defraud the other creditors, and it is therefore necessary to conclude that the papers express the true intent and meaning of the parties, and that the defendant intended to release Mr. Robinson from all claims which he might have upon him, because of the payment of the notes indorsed by defendant upon the receipt of the unsecured notes named the agreement of compromise.

It is claimed that there is to be deduced from the evidence some new promise to pay the defendant, and that as the moral obligation rested upon Robinson to pay the balance of his debt which would form a valid consideration for such a promise, this policy of insurance was held by the defendant as collateral security for the fulfillment of this new promise. The evidence, however, fails to substantiate with that degree of certainty which the law requires the making of a new promise. The evidence is entirely consistent with a feeling on Mr. Robinson's part that he would at some time pay the defendant the whole amount which he had lost by reason of his indorsement, but there is nothing in the evidence which will justify the conclusion that Robinson did promise, subsequent to the execution of the composition deed, to pay the defendant the amount of his loss. And even if such promise had been made, it is doubtful whether it could be supported for want of a consideration. It is true that there are a number of cases holding that a moral obligation to pay a debt will form a sufficient consideration for a promise to pay after a discharge in bankruptcy or by operation of law. But there is no case to which our attention has been called in which it has been held, that where a debt has been discharged by the action of the party, any such moral obligation exists, or that such moral obligation will support a new promise to pay.

This question has been recently considered in this court to some extent, and the reasons for the distinction in this respect given between voluntary and involuntary discharges in the case of *Zoebisch* v. *Von Minden* (47 Hun, 213).

The fact that subsequent to the compromise the defendant held the policy and Robinson continued to pay the premiums might afford some evidence of the existence of some understanding in respect thereto between Robinson and the defendant ; but it can be easily explained upon the theory that the defendant was still holding the policy as collateral to the indebtedness of Robinson to him upon the compromise notes and that he supposed he had a right so to do, although in law he had not, and it was because of this supposed right that he continued to hold the security until Mr. Robinson's death. The policy, however, had been simply collateral to Mr. Robinson's debt to him, and that debt being discharged, the defendant had no further claim upon it.

The judgment appealed from should be affirmed, with costs.

BARTLETT and MACOMBER, JJ., concurred.

Judgment affirmed, with costs.